*Lenox, Maitland and Renwick* v. *Howland, Russel and others.*

THE plaintiffs had, under the act authorising proceedings against absent debtors, procured, on the usual oath, an attachment against the property of the defendants, who resided in *Massachusetts.*— They, by affidavit, set forth, that they never had any *dealings* with the plaintiffs, who, as shippers of property on board the ship *Ocean*, belonging to the defendants, claimed compensation for damage the goods had sustained in consequence of the vessel's having been run ashore when going up the harbour of *Liverpool*, by alleged negligence or misbehaviour of the captain, whereas the injury, if any, arose from the conduct of the pilot.

*Colden* and *Riggs*, on these facts, moved to supersede the attachment, notice of which had been duly published. They contended, that the debts contemplated by the act, were such as might be set off, the words of the statute being, that the demand must be $100 above, or clear of *discounts.* Torts and unliquidated damages, therefore, not within the purview of the law, because of them no set-off can be made. *Bankrupt Act, sec.* 34. *Coop. Bank. Law*, 160. 224. 244. *Sell. Prac.* 42. *Brown* v. *Cumming*, 2 *N. Y. T. R.* 33. But allowing such a claim might be set off, the pilot, they said, was answerable. *Malyne*, 59. 7 *D. & E.* 160. They referred also to the decision of this court, in the matter of *Fitzgerald*, an absent debtor, 2 *N. Y. T. R.* 318.

Nov. Term,
1805.

*Hoffman* and *Harison*, contra, argued that the court had no jurisdiction in the summary way, as the act had chalked out the only mode of proceeding by which a *supersedeas* could be obtained. That as to the matter of the claim being without the statute, the 21st sec. had ordered a bond to be given, to appear and plead to any action, and the terms of the condition were broad enough to include all cases, excepting *pure* torts alone ; even to appear and answer to a bill in equity. To support the attachment, the oath of the plaintiffs is all that is required, and cannot be done away by a counter deposition from the defendants. It would be to try the cause by affidavit, and determine preliminarily, the fact of debt or no debt. Whether the pilot or master were to blame, was not to be now investigated.

*Per Curiam*, delivered by SPENCER, J. We do not think that because the statute points out a particular mode, by which a *supersedeas* may be obtained, we are ousted of jurisdiction in this state of the case. We conceive that, from the general superintending power of this court, we have a right to examine, whether the attachment has not improvidently issued, and on this ground, review the order of the judge by whom it was directed. On the present occasion, the plaintiffs have not contradicted the affidavit of the defendants, but, resting their opposition on the matter it details, have reposed themselves on its contents. Exercising, then, that right of controul which we think we possess, we cannot but see, that the plaintiffs have failed in showing such a debt as is within the purview of the act. The statute applies only to those which are capable of being set off, not to demands

which arise from torts, or *ex delicto*.   As, therefore,
the claim of the plaintiffs is stated to be of this nature,
proceeding from the misfeasance of the captain, and
this is not denied by the opposite party, the motion
must be granted ; but with permission, however, to
the plaintiffs, to show any day within term, that they
have a debt such as is within the purview of the act.

KENT, C. J.   I am against the motion, because I
think the only remedy is under the 21st section of the
act, which, in my opinion, is fully sufficient.   If the
bond there directed, be given, the question whether
debtor or not, within the statute, can be decided; for
the instrument can apply only to debts within the law.
The proceedings below are regular, and on that score
we have, therefore, no right to interfere.

THOMPSON, J.   I concur in the opinion of the
Chief-Justice.